

**Matthew J. Mehnert**
Partner
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000 x223

May 12, 2025

**Via Electronic Filing**
Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: **Dawson, et al. v. Patchogue-Medford School District, et al.**
       **Docket No. 25-cv-1026 (NGG)(LGD)**

Dear Judge Garaufis:

  This office is counsel to the Defendants in this matter. The Defendants submit this letter in compliance with Section IV(A)(2) of Your Honor's Individual Practice Rules, to seek the Court's permission to file a motion pursuant to Fed. R. Civ. P. 12(b) dismissing the complaint.

  Plaintiffs William and Debra Dawson are the parents of South Ocean Middle School ("the School") students L.D. and A.D. They allege that, beginning in the 2022-2023 school year, L.D. has been the subject of bullying and harassment by another student and her friends. The Dawsons allege that A.D. has also been the victim of bullying and harassment by students during this time period. They further allege that various complaints made to Patchogue-Medford Union Free School District ("District") personnel have not resulted in sufficient action taken, specifically by School administrators Timothy Piciullo, Maria Del Pilar Erdman and Ryan Crabtree.

  Mrs. Dawson, herself a part-time District employee at the time, alleges that, following an incident occurring outside of school during non-work hours, she received a counseling memorandum regarding her behavior that essentially interfered with her efforts to protect her children from bullying. She was subsequently passed over for a promotion for which she claims she was being groomed, resulting in her decision to resign her District employment.

  Plaintiffs assert the following causes of action: (1) Title IX gender discrimination; (2) First Amendment retaliation; (3) gender discrimination pursuant to the New York State Human Rights Law; (4) violation of New York Civil Rights Law § 40-c; (5) negligence in failing to remedy the bullying faced by L.D.; (6) negligence in failing to remedy the bullying faced by A.D.; (7) another claim of negligence in failing to remedy the bulling faced by L.D.; and (8) unlawful retaliation.

| Westchester | Long Island | Capital Region |
| --- | --- | --- |
| 777 Westchester Avenue, Suite 101 | 77 Conklin Street | 24 Century Hill Drive, Suite 101 |
| White Plains, NY 10604 | Farmingdale, NY 11735 | Latham, NY 11210 |
| (914) 303-9500 | (516) 694-3000 | (518) 690-7000 |

www.guerciolaw.com

## There is No Basis for a Gender Discrimination Claim

A plaintiff establishes a *prima facie* case of Title IX gender discrimination by showing that: (1) she was subjected to discrimination in an educational program; (2) the program receives federal assistance; and (3) the discrimination was based on sex. *See Sutton v. Stony Brook Univ.*, 2021 U.S. Dist. LEXIS 156083 (E.D.N.Y. Aug. 18, 2021). A Title IX plaintiff must point to specific allegations demonstrating intentional discrimination as well as the circumstances that give rise to a plausible inference of discriminatory intent on the basis of a protected characteristic. *See id.* To establish a hostile educational environment, Plaintiffs must demonstrate both a subjective perception of a hostile environment and that the educational environment was permeated with discriminatory intimidation, ridicule and insult sufficiently severe or pervasive enough to alter the conditions of the educational environment. *See id.* For the District to be liable, Plaintiffs must establish that a District official with the authority to redress the discrimination had actual knowledge and failed to adequately respond. *See id.*

The complaint lists several incidents in which the Dawsons claim that L.D. was bullied, but they fail to allege how any of these incidents were gender-based. The only incident that might fall within the definition of gender-based discrimination occurred in February 2024 in which another student called L.D. a "fat fucking fagot." One lone incident occurring long after the alleged harassment began does not meet the "severe and pervasive" standard. In addition to the lack of specific allegations, there is no allegation that the District acted or failed to act because of Liam's gender. In addition, it is alleged that the District was negligent in failing to remedy, not that it acted intentionally. For these reasons, dismissal of the Title IX claim is appropriate.

Similarly, the Human Rights Law ("HRL") claim must be dismissed because the complaint fails to identify how the alleged hostile educational environment was created because of L.D.'s gender, gender identity or sexual orientation. In addition, a number of the events alleged by Plaintiffs occurred under circumstances that suggest a lack of control by the District. As a result, the HRL claim must also dismissed.

## Mrs. Dawson Did Not Engage in Protected Speech

A public employee alleging First Amendment retaliation must show that she: (1) engaged in speech on a matter of public concern; (2) suffered an adverse employment action; and (3) there is a causal connection between the speech and the adverse action. *See Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir. 2004). Ms. Dawson must also show that "defendants' actions effectively chilled the exercise of [her] First Amendment right." *See Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Speech, however, about purely personal grievances is not actionable. *See Murray v. Williamsville Cent. Sch. Dist.*, 535 F. Supp. 3d 164, 171 (W.D.N.Y. 2021).

Mrs. Dawson bases her First Amendment claim upon the District's reaction to an incident at a movie theatre in which she accosted one of the students she claims has been bullying her children. Mrs. Dawson was not engaged in any sort of protected speech at the time of the incident. Moreover, Mrs. Dawson was issued a counseling memorandum and not subjected to actual discipline and continued to file DASA complaints after receiving the counseling memorandum.

### The State Law Claims Should be Dismissed in the Absence of any Viable Federal Claims

Because Plaintiffs' federal claims must be dismissed, there is no viable federal cause of action that would support the Court's retention of supplemental jurisdiction over their state law claims. *See Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

### Plaintiffs' Failed to Provide Notice to the Attorney General of the Civil Rights Law Claim

New York Civil Rights Law § 40-d requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." Notice to the Attorney General must be alleged in the Complaint. *See Prasad v. Cornell Univ.*, 2016 U.S. Dist. LEXIS 161297, at *76 (N.D.N.Y. Feb. 24, 2016). Here, the complaint contains no allegation that the Attorney General's office was placed on notice, which is fatal to the claim.

### There is No Generalized Retaliation Claim

Though, retaliation is a recognizable claim under specific federal and state laws, there is no common law claim for retaliation. The complaint lacks any detail about the basis for this claim as distinct from the First Amendment retaliation claim. For this reason, the generalized retaliation claim set forth in the eighth cause of action must be dismissed.

### Plaintiff's Duplicative Negligence Claim

Plaintiff's seventh cause of action is identical to the fifth cause of action. For this reason, the seventh cause of action must be dismissed as duplicative.

### Mr. Dawson Has Not Stated a Claim Individually

Although the complaint is brought by Mr. and Mrs. Dawson "on behalf of themselves" and their minor children, there is not a single allegation supporting any claim made by Mr. Dawson. In the absence of any such allegation, Mr. Dawson's claim(s) on his own behalf must be dismissed.

For these reasons, Defendants request that the Court grant them permission to file a motion pursuant to Fed. R. Civ. P. 12(b) dismissing the complaint. The Defendants further request that, in light of the anticipated motion, the time to answer the complaint be extended, pursuant to Fed. R. Civ. P. 12(a)(4), until 14 days after the Court's decision on the anticipated motion.

Very truly yours,

MATTHEW J. MEHNERT

cc:  Marc Kramer, Esq. (via ECF)